IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALEXIS-KELVIN: FOWLERS, | CIVIL NO. 11-00178 ACK-RLP |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO (1) GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND (2) DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND |
| vs. | |
| UNITED STATES DEPARTMENT OF JUSTICE, INTERNAL REVENUE SERVICE, FLORENCE T. NAKAKUNI, LESLIE E. OSBORNE, and RYLON OSHIRO, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO (1) GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND (2) DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND[1]

On March 18, 2011, *pro se* Plaintiff Alexis-Kelvin: Fowlers ("Plaintiff") filed a Notice, Complaint of Civil Rights Violation, and Use of Federal Grand Jury to Do Harm and Injury ("Complaint") herein. Before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit ("Application"), filed on April 18, 2011.

---

[1] Within seventeen (17) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), LR 74.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii, and Rule 6(d) of the Federal Rules of Civil Procedure, file written objections in the United States District Court. A party must file any objections within the seventeen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of Plaintiff's Application, the Complaint, and the supporting exhibits attached thereto, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application be GRANTED and Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.

## BACKGROUND

While not entirely clear, Plaintiff's Complaint makes a wide array of allegations against a variety of public officials and entities, which appear to arise from the District of Hawaii United States Attorney's Office's ("U.S. Attorney's Office") denial of Plaintiff's request to appear and testify on his behalf before a federal grand jury considering his indictment in February 2011.[2] Plaintiff alleges that the U.S. Attorney's Office's refusal "shows the intent" of Defendant Florence T. Nakakuni (Hawaii's U.S. Attorney), Defendant Leslie E. Osborne (an assistant U.S. Attorney), and Defendant Department of Justice ("DOJ") to utilize the grand jury "in an unlawful manner." Compl. at 2. Plaintiff further questions the authority of the U.S. Attorney's Office to present charges to the grand jury and

---

[2] The Court was able to glean this information primarily from Exhibits "A" - "D" of Plaintiff's Complaint, rather than from the text of the Complaint itself.

2

the power of the DOJ to represent Defendant Internal Revenue Service ("IRS") before federal courts. Compl. at 2, 4. Finally, Plaintiff claims that the IRS and Defendant Rylon Oshiro (an IRS agent)[3] "failed to exhaust its administrative remedy before it recruited the help of the Department of Justice to [sic] Target the complainant in a Federal Grand Jury Investigation." Compl. at 5.

## ANALYSIS

### A. Plaintiff's Application to Proceed *In Forma Pauperis* Should Be Granted

Plaintiff requests that the Court permit him to proceed *in forma pauperis*. Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1) of the Prisoner Litigation Reform Act ("PLRA"). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state

---

[3] Plaintiff's Complaint lists Defendant Oshiro as an IRS "CI", which to the Court's understanding means an IRS Criminal Investigation Special Agent. Compl. at 1.

3

the facts as to affiant's poverty with some particularity, definiteness and certainty").

Plaintiff has submitted an affidavit stating that he is currently unemployed, has no steady income, and does not have the means to pay any filing fees. The Court finds that Plaintiff has made the showing required by 28 U.S.C. § 1915(a)(1) to proceed *in forma pauperis*. Accordingly, the Court recommends that the district court grant Plaintiff's Application.

**B.  Plaintiff's Complaint Should Be Dismissed Without Prejudice and With Leave to Amend**

  **1.  Liberal Construction of *Pro Se* Pleadings**

Since Plaintiff is appearing *pro se*, the court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.").

  **2.  *Sua Sponte* Review Standard**

Despite the liberal *pro se* pleading standard, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that

4

28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Under the PLRA, a claim is legally frivolous when it lacks an arguable basis in either law or fact. Nietzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged arise to the level of irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them"). Section 1915(e), which replaced Section 1915(d) in 1996, is designed largely to discourage the filing of, and waste of resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and the threat of sanctions for vexatious claims under Rule 11 of the Federal Rules of Civil Procedure ("FRCP"). Id. at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.

> Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of

5

> infringement of a legal interest which clearly
> does not exist. . . Examples of the latter
> class are claims describing fantastic or
> delusional scenarios, claims with which
> federal district judges are all too familiar.

Id. (citation omitted).

Since the word "malicious" is not defined in the PLRA, the court looks to the term's "ordinary, contemporary, common meaning." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (quoting Wilderness Soc'y v. U.S. Fish & Wildlife Serv., 353 F.3d 1051, 1060 (9th Cir. 2003)). Thus, a case is "malicious" and should be dismissed if it was filed with the "intention or desire to harm another." Id. (quoting Webster's Third International Dictionary 1367 (1993)).

The phrase "fails to state a claim on which relief may be granted," as used in the PLRA, parallels the language of FRCP Rule 12(b)(6). Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Under this standard, the court is required to dismiss a complaint if it "fails to contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Moreover, a complaint must meet the requirements of FRCP Rule 8, which mandates that a complaint include a "short and plain statement of the claim" and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to any relief as required by this rule. Iqbal, 129 S. Ct. at 1950. Further, a complaint that is "'so verbose, confused and redundant that its true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Finally, the PLRA necessitates dismissal of complaints which seek monetary relief for actions taken the in the course of

employment by persons who are immune from suit.  See Calhoun, 254 F.3d at 845.

### 3. Plaintiff Has No Right to Present Evidence or Be Called as a Witness Before a Grand Jury Considering His Indictment

Plaintiff alleges that his civil rights were violated when the U.S. Attorney's Office refused to call him as a witness before a grand jury that was considering his indictment. However, "[a] grand jury proceeding is not an adversary proceeding in which the guilt or the innocence of an accused is adjudicated." United States v. Y. Hata & Co., 535 F.2d 508, 512 (9th Cir. 1976) (quoting United States v. Calandra, 414 U.S. 338, 343-44 (1974)).  Rather, "it is an ex parte investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person."  Id.

Because the grand jury's function is limited, the prosecutor has "no duty to present evidence in his possession which tends to negate guilt." United States v. Leverage Funding Sys., Inc., 637 F.2d 645, 648 (9th Cir. 1980).  As a result, the accused has "no right of cross-examination, or of introducing evidence to rebut [a] prosecutor's presentation." United States v. Salsedo, 607 F.2d 318, 319 (9th Cir. 1979).  Likewise, "*an accused has no right to be called as a witness before the grand jury that is considering his indictment*."  Id. (emphasis added); United States v. Fritz, 852 F.2d 1175, 1178 (9th Cir. 1988).  See

8

also Fed. R. Crim. P. 6(d)(1) (listing persons allowed to be present while a grand jury is in session as attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or operator of a recording device). Accordingly, this claim is legally frivolous and fails to state a claim upon which relief can be granted, and therefore, should be dismissed.

### 4. The DOJ and the U.S. Attorney's Office Have Broad Powers to Prosecute Claims on Behalf of the Federal Government and its Agencies

Plaintiff further alleges that the DOJ has no power to represent the IRS and that the U.S. Attorney's Office does not have the authority to present charges to the grand jury. However, the powers of the DOJ include the power to conduct any kind of litigation in which the United States or a federal agency is a party:

> *The Attorney General or any other officer of the Department of Justice*, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, *including grand jury proceedings* and proceedings before committing magistrate judges . . . whether or not he is a resident of the district in which the proceeding is brought.

28 U.S.C. § 515(a) (emphases added). See also 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party . . . is reserved to officers of the

9

Department of Justice, under the direction of the Attorney General.").

In addition, the U.S. Attorney's Office is similarly granted the authority to, among other things, prosecute all suits on behalf of the government. See 28 U.S.C. § 547(2) ("Except as otherwise provided by law, each United States attorney, within his district, shall prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned"). See also United States v. Williams, 504 U.S. 36, 48 (1992) (prosecutor's ability to seek indictment from grand jury is independent of any judicial authorization); United States v. Sells Eng'g, Inc., 463 U.S. 418, 471 (1983) (Berger, J., dissenting) (stating that ever since the enactment of the Judiciary Act of 1789, both civil and criminal litigation responsibilities for the U.S. government have been vested in the Attorney General and the U.S. Attorneys). Therefore, these claims are legally frivolous and fail to state a claim upon which relief can be granted. Further, to the extent Plaintiff has provided other facts that could potentially support these allegations, they are completely hidden within Plaintiff's lengthy discussions of the removal of the "judiciary power" and the domicile of the IRS such that the Complaint certainly fails to provide a "short and plaint statement of the claim" with allegations that are "simple, concise, and direct" in conformity

with FRCP Rule 8. Consequently, these claims should be dismissed.

> **5. Plaintiff Fails to Identify the Administrative Remedy the IRS Allegedly Failed to Exhaust**

Plaintiff finally claims that the IRS and Defendant Oshiro failed to exhaust their administrative remedy before initiating a grand jury investigation. The Court is aware of a *taxpayer's* duty to exhaust his/her administrative remedies prior to filing a civil action pursuant to 26 U.S.C. § 7433(d)(1). However, the Court is not aware, and indeed, Plaintiff fails to identify in his Complaint which administrative remedy the *IRS* allegedly failed to exhaust. Accordingly, this claim fails to state a claim upon which relief can be granted and should be dismissed.

> **6. Plaintiff's Claims Are Barred By Immunity**

Notwithstanding the above substantive analysis, Plaintiff's claims against all named defendants appear to be barred by immunity. First, Plaintiff's claims against the DOJ and the IRS are barred by the doctrine of sovereign immunity. Under this doctrine, the United States, as a sovereign, is immune from suit unless it has waived its immunity. Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999). A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim. McCarthy v. United

States, 850 F.2d 558, 560 (9th Cir. 1998).  Moreover, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States.  Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001).  For this reason, Plaintiff's claims against the DOJ, the IRS, and IRS agent Oshiro are protected by sovereign immunity and should be dismissed.  See Balser v. Dep't of Justice, Office of U.S. Tr., 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity protects the DOJ); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (holding that a suit against IRS employees in their official capacity is barred by sovereign immunity).

Second, Plaintiff's claims against prosecutors acting in their capacities within the U.S. Attorney's Office are barred by the doctrine of absolute immunity.  Judges and those performing judge-like functions, such as prosecutors acting within his or her authority and in a quasi-judicial capacity, are absolutely immune from damage liability for acts performed in their official capacities.  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001).  In the context of grand jury proceedings, such as the case here, the Ninth Circuit has expressly held that prosecutors are entitled to absolute immunity for claims arising from their initiation of grand jury proceedings in order to

obtain an indictment.  See Milstein v. Cooley, 257 F.3d 1004, 1012 (9th Cir. 2001).  See also Imbler v. Pachtman, 424 U.S. 409, 431 (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"); Mishler v. Clift, 191 F.3d 998, 1008 (9th Cir. 1999) ("Filing charges and initiating prosecution are functions that are integral to a prosecutor's work.").  As a result, Defendant Nakakuni and Defendant Osborne's functions before the grand jury at issue in this case are protected by absolute immunity and should be dismissed.

**7. Plaintiff Should Be Granted Leave to Amend**

The Court recognizes that leave to amend a complaint should be freely given to *pro se* litigants.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." ).  See also Lopez, 203 F.3d at 1130 (stating that the Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Therefore, although the Court recommends that Plaintiff's Complaint be dismissed, the Court further recommends that

13

Plaintiff be granted leave to submit a first amended complaint to cure the deficiencies outlined above within thirty (30) days from the date this Findings and Recommendation is acted upon.

If Plaintiff chooses to file a first amended complaint, Plaintiff must write *short, plain statements* telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what the defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct; and (6) whether the basis for this court's jurisdiction is either federal question or diversity. See Ketchmark v. United States, Civil No. 09-00540 JMS/BMK, 2009 WL 4797475, at *6 (D. Haw. Dec. 11, 2009) (citing Rizzo v. Goode, 423 U.S. 362, 371-72 (1976)). *Plaintiff must repeat this process for each person or entity that he names as a defendant.* If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff is further notified that an amended complaint supersedes the original Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will treat the original Complaint as nonexistent. Id. Any cause of

action that was raised in the original Complaint is waived if it is not raised in an amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees, filed April 18, 2011, be GRANTED. The Court further FINDS AND RECOMMENDS that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and that Plaintiff should be given LEAVE TO AMEND his Complaint to state viable claims within thirty (30) days from the date this Findings and Recommendation is acted upon. The Court cautions Plaintiff that failure to amend the Complaint within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 9, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

FOWLERS V. U.S. DEP'T OF JUSTICE, ET AL.; CIVIL NO. 11-00178 ACK-RLP; FINDINGS AND RECOMMENDATION TO (1) GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND (2) DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND