IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
_____
                               )
ALEXIS-KELVIN: FOWLERS,        )
                               )
                  Plaintiff,   )
                               )
         vs.                   )   Civ. No. 11-00178 ACK-RLP
                               )
UNITED STATES DEPARTMENT OF    )
JUSTICE; INTERNAL REVENUE      )
SERVICE; FLORENCE T. NAKAKUNI; )
LESLIE E. OSBORNE, AND RYLAN   )
OSHIRO,                        )
                               )
                  Defendants.  )
_____)
```

<u>ORDER GRANTING, AS MODIFIED, DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT</u>

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>[1/]

On March 18, 2011, pro se Plaintiff Alexis-Kelvin Fowlers ("Plaintiff") filed a Complaint ("Complaint") against the U.S. Department of Justice, the Internal Revenue Service, Florence T. Nakakuni, Leslie E. Osborne, and Rylon Oshiro (collectively, "Defendants").

On May 9, 2011, Magistrate Judge Richard Puglisi issued Findings and Recommendations to (1) grant Plaintiff's application

---

[1/] The facts as recited in this order are for the purpose of disposing of this motion and are not to be construed as findings of fact that the parties may rely on in future proceedings in this case.

to proceed without prepayment of fees, and dismiss Plaintiff's
complaint without prejudice and with leave to amend (the "F&R").
In his F&R, Magistrate Judge Puglisi concluded that: (1)
Plaintiff had no right to present evidence or be called as a
witness before a grand jury considering his indictment; (2)
contrary to Plaintiff's contention that the DOJ has no power to
represent the IRS and the U.S. Attorney's Office is not
authorized to present charges to the grand jury, the DOJ and the
U.S. Attorney's Office have broad powers to prosecute claims on
behalf of the federal government and its agencies; (3) Plaintiff
failed to identify the administrative remedy that the IRS
allegedly failed to exhaust before initiating a grand jury
investigation; and (4) Plaintiff's claims against the DOJ, IRS,
and prosecutors from the U.S. Attorney's Office acting within
their authority, are barred by the doctrine of sovereign
immunity.[2/]

_____

        [2/] In the F&R, Magistrate Judge Puglisi also instructed
Plaintiff that if he chose to file an amended complaint, he was
required to write a short, plain statement telling the court:
"(1) the treaty, constitutional right, or statutory right
Plaintiff believes was violated; (2) the name of the defendant
who violated that right; (3) exactly what the defendant did or
failed to do; (4) how the action or inaction of that defendant is
connected to the violation of Plaintiff's rights; (5) what
specific injury Plaintiff suffered because of that defendant's
conduct; and (6) whether the basis for this court's jurisdiction
is either federal question or diversity." F&R, at 14.  Further,
the F&R cautioned that failure to affirmatively link the conduct
of each named defendant with the specific injury Plaintiff
allegedly suffered will result in dismissal for failure to state
                                              (continued...)

On May 31, 2011, this Court issued an Order Adopting As Modified Magistrate Judge's Findings and Recommendations (the "May 31, 2011 Order"), and granted Plaintiff leave to file an amended complaint correcting the deficiencies in his current complaint.

Plaintiff filed an amended complaint on July 1, 2011 (the "Amended Complaint").  Although it is difficult to decipher the factual allegations, the Amended Complaint appears to be based upon Plaintiff's allegation that Defendants have deprived him of his civil rights and used a federal grand jury to cause him injury.  (Am. Compl., ¶¶ 1-6.) Plaintiff alleges that the IRS owes Plaintiff tax refunds for 2008 and 2009 in the amount of $1,130,914.00, and $601,196.00, respectively.  Id. at ¶ 3. Plaintiff further alleges that IRS agent and named Defendant Rylon Oshiro met with Plaintiff's boss at Plaintiff's place of work and asked questions about Plaintiff and others, causing an unnecessary strain between Plaintiff and his boss.  Id. at ¶¶ 11, 37.

Additionally, Plaintiff contends, in or about the beginning of 2001, the IRS recruited the DOJ to commence a federal grand jury investigation in which Plaintiff was to be one of the government's targets.  Id. at ¶ 12.  During the course of

---

²/ (...continued)
a claim.  Id.

this investigation, Plaintiff alleges, named Defendants Florence T. Nakakuni and Leslie E. Osborne were the U.S. Attorneys conducting the grand jury investigation.  Id. at ¶ 13.  After Plaintiff learned that he was the target of an investigation from friends who appeared before Federal Grand Jury Panel No. 10-I-66, Plaintiff allegedly contacted Defendant Osborne by mail and asked to appear before the federal grand jury to present his side of the story.  Id. at ¶ 17.  However, the DOJ, along with Defendants Nakakuni and Osborne, allegedly refused to allow Plaintiff an opportunity to face his accusers before the federal grand jury panel.  Id. at ¶ 18.

Plaintiff asserts seven claims against Defendants in the Amended Complaint:  (1) Abuse of Process; (2) Eleventh Amendment Violation; (3) Breach of Fiduciary Duty; (4) Civil Conspiracy; (5) Defamation; (6) Fraud; and (7) Negligence.  Id. at ¶¶ 19-40.

In what appears to be his Prayer for Relief, Plaintiff references emancipation of slavery and seeks a "bounty" in the amount of "$150 million dollars plus any amount of public debt accrued by the private party(s) in such a contractual agreement . . . ."  See Am. Compl. at 6.  In the alternative, if no such "agreement" can be reached, Plaintiff seeks $5 million in monetary damages and an additional $250 per hour or any part of an hour spent by Plaintiff.  Id.

On October 6, 2011, Defendants filed a Motion to Dismiss the Amended Complaint.  In their supporting memorandum, Defendants assert that this Court should dismiss the Amended Complaint on two grounds:  (1) this Court lacks subject matter jurisdiction because the claims against the Defendants are barred by the doctrines of sovereign immunity, absolute prosecutorial immunity, and qualified immunity; and (2) the Amended Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Furthermore, Defendants argue that dismissal with prejudice is appropriate in light of Plaintiff's failure to correct the deficiencies in the original Complaint for which Plaintiff was afforded a full and fair opportunity to amend.

On February, 2012, Plaintiff submitted a document entitled, "Judicial Notice for A Amendment In Jurisdiction And Request For Transfer For Want Of Jurisdiction" (the "Opposition").  While not entirely clear, Plaintiff's filing appears to raise the following issues:  (1) this Court lacks jurisdiction because the "district court of the United States" is the proper court for Plaintiff's case; (2) Defendants improperly "operated" a grand jury in the "United States District Court" because said court is a "territorial court"; (3) the proper court for the IRS to file suit is the United States Tax Court; and (4)

-5-

the February 13, 2012 hearing before this Court should be postponed until the case is placed in a court of proper jurisdiction.

Defendants responded to this statement on February 3, 2012 (the "Reply Memorandum").  In the Reply Memorandum, Defendants urge the Court to disregard Plaintiff's Opposition as "totally frivolous and irrelevant," and also request that the court deny Plaintiff's request to postpone the February 13, 2012 hearing on the Motion to Dismiss the Amended Complaint.  Id. Defendants contend that Plaintiff, despite having had ample time to prepare a written opposition to the Motion to Dismiss, has submitted a document that "completely fails to address or rebut any of the multiple grounds for dismissal of the Amended Complaint."  Reply Memorandum at 2.  Accordingly, Defendants ask this Court to grant the Motion to Dismiss the Amended Complaint with Prejudice.

Because Plaintiff has failed to file a proper motion for a transfer of venue, the Court declines to entertain this request.[3/]

---

[3/] The Court briefly notes that the Opposition bears no connection to Defendants' Motion to Dismiss and in no way addresses or counters any of the arguments asserted therein. Although it is not entirely clear, Plaintiff's Opposition appears to request a transfer to a court of "proper" venue, and names such court as the "district court of the United States as defined in 28 USC section 610."  As Defendants correctly state in their Reply Memorandum, the "district court of the United States" does
(continued...)

Pursuant to Local Rule 7.2(d), the Court finds that the Motion is suitable for disposition without a hearing.

## LEGAL STANDARD

### I.  Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 570 (2007); see also Weber v. Dep't of Veteran Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  Further, although Fed. R. Civ. P. 8 does not demand detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 129 S. Ct. at 1949.

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light

---

[3]/ (...continued)
not exist, and this Court concludes that all four arguments in the Opposition are irrelevant, frivolous, and without merit.

most favorable to the nonmoving party.  <u>Fed'n of African Am.</u>
<u>Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir.
1996).  However, conclusory allegations of law, unwarranted
deductions of fact, and unreasonable inferences are insufficient
to defeat a motion to dismiss.  <u>See</u> <u>Sprewell</u>, 266 F.3d at 988;
<u>Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of</u>
<u>Psychology</u>, 228 F.3d 1043, 1049 (9th Cir. 2000); <u>In re Syntex</u>
<u>Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).  Moreover,
the court need not accept as true allegations that contradict
matters properly subject to judicial notice or allegations
contradicting the exhibits attached to the complaint.  <u>Sprewell</u>,
266 F.3d at 988.

     As the Ninth Circuit has stated, "[t]he issue is not
whether a plaintiff's success on the merits is likely but rather
whether the claimant is entitled to proceed beyond the threshold
in attempting to establish his claims." <u>De La Cruz v. Tormey</u>,
582 F.2d 45, 48 (9th Cir.), <u>cert.</u> <u>denied</u>, 441 U.S. 965 (1979).
The court must determine whether or not it appears to a certainty
under existing law that no relief can be granted under any set of
facts that might be proved in support of a plaintiff's claims.
<u>Id.</u>

     In summary, to survive a Rule 12(b)(6) motion to
dismiss, "[f]actual allegations must be enough to raise a right
to relief above the speculative level . . . on the assumption

-8-

that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." Id. at 570.

## II.  Motion to Dismiss for Lack of Subject Matter Jurisdiction Based Upon Immunity Grounds

A court's subject matter jurisdiction may be challenged under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). Under the doctrine of sovereign immunity, the United States is immune from suit unless it has waived its immunity. Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999). If the United States has not consented to be sued on a claim, a court lacks subject matter jurisdiction over that claim pursuant to Fed. R. Civ. P.

-9-

12(b)(1).  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.
1998). Furthermore, a lawsuit against an agency of the United
States or against an officer of the United States in his or her
official capacity is considered an action against the United
States.  Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir.
2001).

        Significantly, a waiver of immunity cannot be implied,
but rather "must be unequivocally expressed."  Gilbert v.
DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing United
States v. Shaw, 309 U.S. 495 (1940)); see also Balser v. Dep't of
Justice, 327 F.3d 903, 907 (9th Cir. 2003) (statutory waivers of
sovereign immunity are not to be liberally construed).

        Furthermore, absolute immunity attaches to a
"government attorney's initiation and handling of civil
litigation in a state or federal court . . . [when] the
government attorney is performing acts 'intimately associated
with the judicial phase' of litigation."  Shiraishi v. United
States, Civ. No. 11-00323 JMS-BMK, 2011 WL 4527393, at *5 (D.
Haw. Sept. 27, 2011).

        To determine whether a prosecutor is entitled to
absolute immunity, the court applies a functional analysis,
looking "at the nature of the function performed, not the
identity of the actor who performed it."  Thomas v. County of
Hawaii, Civ. No. 07-00251 JMS-LEK, 2008 WL 4483792, at *4 (D.

-10-

Haw. Oct. 1, 2008) (citing Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993)).  "[T]he critical factor" is "the nature of the challenged policy and whether it falls within a prosecutor's judicial function or, instead, is part of a prosecutor's exercise of administrative or investigative functions." Thomas, 2008 WL 4483792, at *4 (citations omitted).  If the challenged action was part of the judicial process, the prosecutor is entitled to absolute immunity.  Id. (citing Broam v. Bogan, 320 F.3d 1023, (9th Cir. 2003) (finding prosecutors absolutely immune for presentation of evidence at a probable cause hearing)).[4]

The Ninth Circuit has held that filing charges and initiating prosecution are "functions that are integral to a prosecutor's work.  Because '[e]xposing the prosecutor to liability for the initial phase of his prosecutorial work could interfere with his exercise of independent judgment,' absolute immunity protects these acts." Mishler v. Clift, 191 F.3d 998,

---

[4] Applying a functional analysis, courts have construed the following egregious allegations as being barred by absolute immunity.  See, e.g., Imbler, 424 U.S. at 430 (holding a prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, and suppressed material evidence at trial); Genzler v. Longanbach, 410 F.3d 630, 642 (9th Cir.2005) (extending absolute immunity to supervisory defendants who allegedly knew that district attorneys had granted a witness immunity in exchange for perjured testimony favorable to the prosecution); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (holding that an alleged conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding does not pierce prosecutorial absolute immunity).

1008 (9th Cir. 1999)("Filing charges and initiating prosecution
are functions that are integral to a prosecutor's work.").  This
Circuit has also recognized that a prosecutor may be entitled to
absolute immunity for claims arising from the initiation of grand
jury proceedings.  Milstein v. Cooley, 257 F.3d 1004, 1012 (9th
Cir. 2001).[5/]

    Addressing IRS agents, courts in this Circuit have
found that such individuals are entitled only to qualified
immunity where unconstitutional acts are alleged.  See Uptergrove
v. United States, 2008 WL 2413182 (E.D. Cal. June 12, 2008).  As
a general rule, government officials performing discretionary
functions are shielded from liability if their conduct does not
violate "clearly established statutory or constitutional rights

---

    [5/] The Court notes that the Ninth Circuit, in Milstein v.
Cooley, 257 F.3d 1004, 1012 (9th Cir. 2001), did not expressly
hold that prosecutors are entitled to absolute immunity for any
claims arising from the initiation of grand jury proceedings.  In
fact, in that opinion the court found that a prosecutor's efforts
to indict before a grand jury, rather than efforts to investigate
a crime, are subject to immunity.  The Milstein court did not
discuss the exact scope of absolute immunity for acts performed
by prosecutors before grand juries, concluding that it need not
reach that conclusion because the plaintiff's allegations in that
particular case focused on defendant's efforts to indict, rather
than investigate crime, the former being "consistently . . .
identified as a function within the prosecutor's role as an
advocate," and accordingly protected by absolute immunity.  Id.
at *1012.  Plaintiff has failed to provide enough facts for this
Court to determine whether Plaintiff is asserting claims against
Defendants Nakakuni and Osborne for actions related to efforts to
indict, or to investigate crime.  However, the Court need not
address this as it is dismissing all claims against Defendants
Nakakuni and Osborne based upon failure to state a claim upon
which relief can be granted.

of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Government officials are immune from damages claims "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. Anderson v. Creighton, 483 U.S. 635, 638 (1987).  The Supreme Court has held that a right is clearly established if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 640.  This qualified immunity protects government officials "from suit rather than [serving as] a mere defense to liability." See Saucier v. Katz, 533 U.S. 194, 200-01 (2001) (emphasis in original).  Further, qualified immunity provides far-reaching protection to government officers. See Wright v. United States, Civ. No. S-00-077WBSDADPS, 2001 WL 1137255, at *6-7 (E.D. Cal. Aug. 21, 2001).

Under the doctrine of qualified immunity, a government officer performing acts in the course of official conduct is insulated from damage suits only if (1) at the time and in light of all the circumstances there existed reasonable grounds for the belief that the action was appropriate, and (2) the officer acted in good faith.  See Mark v. Groff, 521 F.2d 1376, 1379-80 (9th Cir. 1975).

### III.  Special Considerations for a Pro Se Litigant

A pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  When a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the pro se litigant.  Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Pembrook v. Wilson, 370 F.2d 37, 39-40 (9th Cir. 1966). However, "a pro se litigant is not excused from knowing the most basic pleading requirements."  American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).

Before a district court may dismiss a pro se complaint for failure to state a claim upon which relief can be granted, the court must provide the pro se litigant with notice of the deficiencies of the complaint and an opportunity to amend it if the deficiencies can be cured, prior to dismissal.  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Eldridge, 832 F.2d at 1136.  However, the court may deny leave to amend where amendment would be futile.  Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) (citing Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990) (per curiam)); Eldridge, 832 F.2d at 1135-36.

-14-

## DISCUSSION

## I.  Motion to Dismiss for Failure to State a Claim

### A.  Abuse of Process (Count I)

Plaintiff asserts that the IRS owes him a debt for nonpayment of tax refunds for the years 2008 and 2009.  Am. Compl. ¶ 19.  Further, Plaintiff states, the IRS sought to deprive Plaintiff of these refunds, as well as his rights and liberty, by recruiting the DOJ and improperly using a federal grand jury. Compl. ¶ 20.  Plaintiff argues that the IRS failed to follow procedures in that it: (1) was required to bring Plaintiff before an Administrative Hearing to address their complaint against Plaintiff first; and (2) improperly failed to file a civil suit under Fed. R. Civ. P. 2, which states that there is "only One Form of Action."  Compl. ¶¶ 21-22.  Plaintiff claims that this failure to follow procedure is a violation of Plaintiff's right to due process of law.  Id. at 23.

Contrary to Plaintiff's contention, Fed. R. Civ. P. 2 does not govern the United States' ability to initiate criminal investigations and conduct grand jury proceedings.  To the contrary, the Federal Rules of Civil Procedure "govern procedures in all civil actions and proceedings in the United States district courts."  Fed. R. Civ. P. 1.  Moreover, Rule 2, which states that there is only "one form of action – the civil action"

– was intended to address the antiquated distinction between actions at law and suits in equity.  <u>See</u> Fed. R. Civ. P. 2, Cmnt. 1.

To the contrary, the Federal Rules of Evidence provide that federal investigative agencies such as the IRS may refer criminal matters to the DOJ for initiation of grand jury investigations or prosecutions, and specify that the DOJ is authorized to initiate and conduct criminal investigations, including grand jury proceedings.  <u>See</u> 28 U.S.C. § 515(a) (granting Attorney General or any other officer of the DOJ or specially appointed attorney to conduct "any kind of legal proceeding, civil or criminal, <u>including grand jury proceedings</u>") (emphasis added); 28 U.S.C. § 516 ("the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefore, is reserved to officers of the Department of Justice, under the direction of the Attorney General.")

Moreover, Plaintiff does not provide any legal authority – and this Court is not aware of any – to support his claim that the IRS is required to first conduct an Administrative Hearing prior to commencing a grand jury investigation.  <u>See</u> <u>In re Goldman</u>, 331 F. Supp. 509, 510 (W.D. Pa. 1971 ("It is the opinion of the court that 26 U.S.C. § 7602 is not the exclusive method for investigation by the government into income tax

affairs and that the same was not intended to limit the powers of a grand jury.  The attorneys conducting this grand jury were particularly authorized to inquire into internal revenue matters as well as other violations of Federal Criminal Laws").[6/] Accordingly, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

### B. Eleventh Amendment Violation (Count II)

Although it is not entirely clear, Plaintiff appears to argue that Defendants DOJ, Nakakuni, and Osborne are not authorized to bring suit against Plaintiff based upon the Eleventh Amendment, and claims that these Defendants' actions have sought to deprive Plaintiff of his rights under the color of law.  Am. Compl. §§ 24-25.  Moreover, Plaintiff argues, Defendants are not entitled to immunity.  As an initial matter, Plaintiff does not provide any details in the Amended Complaint to establish that any of the Defendants have even brought a suit against Plaintiff.

---

[6/] See also In re Kadish, 377 F. Supp. 950 (N.D. Ill. 1974) (rejecting taxpayer's petition to quash grand jury subpoena based on argument that grand jury was being misused to investigate criminal tax matters in order to deprive taxpayer of right to administrative procedures available in connection with civil tax investigations under 26 U.S.C. §7602); In re William H. Pflaumer & Sons, Inc., 53 F.R.D. 464 (E.D. Pa. 1971) , 405 F. Supp. 854 ("Unquestionably, the grand jury is empowered to investigate alleged violations of the tax laws . . .").

Moreover, the law is clear that Defendants, as federal prosecutors under the employ of the United States Attorney's Office for the District of Hawaii, are authorized to initiate and conduct criminal investigations and grand jury proceedings.  <u>See</u> 28 U.S.C. §§ 515(a), 516.  Furthermore, Plaintiff provides no explanation as to how the Eleventh Amendment – which addresses state sovereign immunity – prohibits the United States from bringing a suit against a private individual.  Additionally, it is a well-settled principle of law that any claim asserted against a United States agency, including the DOJ and the IRS, must be considered a claim against the United States.  <u>See Dep't of the Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 260 (1999) (suits against an agency of the United States are barred by sovereign immunity, unless there has been a specific waiver of that immunity); <u>see also</u> <u>Hawaii v. Gordon</u>, 373 U.S. 57, 58 (1963).

Plaintiff has provided no support for an argument that the DOJ, the IRS, or the individual Defendants acting in their official capacities, have waived immunity in this lawsuit. Accordingly, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

## C. Breach of Fiduciary Duty (Count III)

In Count III, Plaintiff appears to argue that Defendants DOJ, Nakakuni and Osborne breached a fiduciary duty in

-18-

their apparent representation of the IRS in connection with the
alleged grand jury investigation of Plaintiff.   However,
Plaintiff does not provide any basis for a breach of fiduciary
duty claim, and fails to establish the fiduciary duty that
Defendants allegedly owe to Plaintiff.   Furthermore, Plaintiff
provides no support for his argument that the IRS is not an
agency that falls under the DOJ, and his allegations that the IRS
is domiciled in Puerto Rico – and thereby the IRS is not under
DOJ jurisdiction – are without merit.   Plaintiff has failed to
state a claim for which relief can be granted.

### D.  Civil Conspiracy (Count IV)

Plaintiff alleges that Defendants DOJ, Nakakuni and
Osborne conspired against Plaintiff and intended to do him harm
by "the unlawful, misapplication, and improper use of the Federal
Grand Jury process."  Am. Compl. ¶ 33.   Although Plaintiff does
not elaborate with any details of this alleged conspiracy, the
Court notes that Plaintiff alleges in his general factual
allegations that Defendants DOJ, Nakakuni and Osborne purportedly
refused to allow Plaintiff the opportunity to face his accusers
at a federal grand jury panel.  Id. at ¶ 18.   Assuming that this
is the basis for Plaintiff's conspiracy allegation – which is far
from clear in the Amended Complaint – the Court notes that "an
accused has no right to be called as a witness before the grand

-19-

jury that is considering his indictment." <u>United States v. Salsedo</u>, 607 F.2d 318, 319 (9th Cir. 1979).

The Federal Rules of Criminal Procedure further specify the individuals who have a right to be present before the grand jury; the target of a grand jury investigation is not one of them. <u>See</u> Fed. R. Crim. P. 6(d)(1) (listing the following individuals as those who have a right to be present: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or operator of a recording device). Plaintiff does not state a claim to relief that is plausible on its face; Count IV is an "unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft</u>, 129 S. Ct. at 1949. This claim is legally frivolous, and Plaintiff has failed to state a claim upon which relief may be granted.

### E. Defamation (Count V)

Plaintiff asserts a claim for defamation against Defendant Oshiro in connection with an interview that Defendant Oshiro allegedly conducted with Plaintiff's boss at his place of work. Am. Compl. ¶¶ 9-10. Plaintiff asserts that Defendant Oshiro caused "an unnecessary strain on the work relationship between Plaintiff and his boss," and spread lies and rumors about Plaintiff, thereby defaming Plaintiff's character. <u>See</u> Am. Compl. ¶¶ 5, 37. Plaintiff has not alleged any facts to

establish a claim for defamation, and his vague allegations fail to state a claim for which relief can be granted.

### F.   Fraud (Count VI)

Plaintiff's claim for fraud must also be dismissed. Plaintiff contends that all Defendants committed a fraud on the Court through their "unlawful, misapplication, and improper use [sic] the Federal Grand Jury." Am. Compl. ¶ 38.  In the Amended Complaint, Plaintiff does not provide any factual support for this allegation, other than one sentence vaguely referring to Defendants' allegedly improper use of the Federal Grand Jury. Plaintiff's fraud claim cannot survive a Rule 12(b)(6) motion to dismiss because Plaintiff has not provided factual allegations to raise a right to relief above the speculative level, and fails to state a claim that is plausible on its face.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Additionally, the Court notes that Plaintiff has failed to comply with Fed. R. Civ. P. 9(b), which requires that, when fraud or mistake is alleged, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Furthermore, "averments of fraud must be accompanied by the who, what, when, where and how of the misconduct charged," and

-21-

Plaintiff must explain why the alleged conduct or statements are fraudulent.  See Prim Ltd. Liability Co. v. Pace-O-Matic, Inc., Civ. No. 10-00617 SOM-KSC, 2012 WL 263116 (D. Haw. Jan. 30, 2012) (citing Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).

### G.  Negligence (Count VII)

Finally, Plaintiff asserts a claim for negligence against all Defendants, vaguely asserting that Defendants' "participation in this scheme of the IRS is at best Negligent." Am. Compl. ¶ 40.  Plaintiff provides no facts whatsoever to substantiate this allegation, describing neither the alleged "scheme" nor Defendants' purported "participation" therein. Accordingly, because Plaintiff's claim is devoid of any facts to establish negligence on the part of any of these Defendants, this count is dismissed for failure to state a claim upon which relief can be granted.[7/]

## II.  Motion to Dismiss for Lack of Subject Matter Jurisdiction Based Upon Immunity Grounds

In addition to the substantive analysis detailing Plaintiff's failure to state a claim for any of his seven counts against Defendants, the Court concludes that Plaintiff's claims

---

[7/] Furthermore, this claim must also be dismissed based upon Plaintiff's failure to follow the administrative procedure required to sue a United States agency in tort.  See 28 U.S.C. §§ 2401(a) and 2675(a).

must also be dismissed pursuant to Rule 12(b)(1) for lack of
subject matter jurisdiction based upon immunity grounds.

### A. Sovereign Immunity

Plaintiff has asserted claims against the DOJ and the
IRS, both of which are agencies of the United States.  A lawsuit
against an agency of the United States or against an officer of
the United States in his or her official capacity is considered
an action against the United States.  See Sierra Club v. Whitman,
268 F.3d 898, 901 (9th Cir. 2001).

Because Plaintiff's suit involves allegations against
Defendants Nakanuni and Osborne while conducting their official
duties with the U.S. Attorney's Office, Plaintiff's Amended
Complaint can be construed as an official capacity lawsuit.  See
Shiraishi v. United States, Civ. No. 11-00323 JMS-BMK, 2011 WL
4527393, at *4 (D. Haw. Sept. 27, 2011). This is not a case where
the individual Defendants' actions are "wholly unrelated to or
outside of [their] official duties." Shiraishi, 2011 WL 4527393,
at *6.  Even when liberally construing Plaintiff's pleadings,
this Court concludes that the allegations against Defendants
Nakakuni and Osborne are clearly in conjunction with their
involvement in a criminal investigation and commencement of grand
jury proceedings, and therefore are related to and within
Defendants Nakakuni and Osborne's official duties as prosecutors
with the U.S. Attorney's Office.

Moreover, to the extent Plaintiff is asserting a state law fraud claim, such a claim is also barred by sovereign immunity. See 28 U.S.C. 2680(h) (waiver of sovereign immunity does not extend to tort claims arising out of misrepresentation or deceit).  Thus, this Court lacks jurisdiction to address plaintiff's federal tort claim of fraud, if that is in fact what Plaintiff is asserting in the Amended Complaint.

## B.  Absolute Prosecutorial Immunity

Defendants Nakakuni and Osborne may also be entitled to absolute immunity from suit.  The Supreme Court has reasoned that prosecutors' activities are absolutely immune from suit when they are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Burns v. Reed, 500 U.S. 478, 490-91 & n.6 (1991) (noting that there is widespread agreement among the Courts of Appeals that prosecutors are absolutely immune from their conduct before grand juries).

Plaintiff has failed to provide any details in the Amended Complaint as to whether Defendants Nakakuni and Osborne allegedly violated his rights in the process of investigating crime or performing a function 'intimately associated with the judicial phase' of litigation." Shiraishi v. United States, Civ. No. 11-00323 JMS-BMK, 2011 WL 4527393, at *5 (D. Haw. Sept. 27,

2011).  However, in light of the case law in this Circuit and beyond addressing a prosecutor's function in initiating grand jury investigations, the Court concludes that Defendants Nakakuni and Osborne may be entitled to absolute immunity from suit for their actions in allegedly initiating grand jury proceedings against Plaintiff; however, the Court need not reach this question as it is dismissing all claims against Defendants Nakakuni and Osborne based upon failure to state a claim upon which relief can be granted.

### C.  Qualified Immunity

Individual Defendants Nakakuni, Osborne, and Oshiro are also protected by the doctrine of qualified immunity, which shields government officials from liability for civil damages arising out of the performance of discretionary functions, so long as their conduct does not violate a clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  As discussed above, a government official is immune from liability even if his conduct violated other non-constitutional standards such as regulations or guidelines.  Davis v. Scherer, 468 U.S. 183, 194-96 and n. 12 (1984).  The Ninth Circuit has recognized that an IRS agent is entitled to qualified immunity (rather than absolute immunity) in the performance of his

-25-

official duties, like most executive officials.  See <u>Fry v. Melaragno</u>, 939 F.2d 832, 838 (9th Cir. 1991).

Moreover, "when a prosecutor performs the investigative functions normally performed by a detective or police officer," that prosecutor – although not entitled to absolute immunity – is nevertheless still entitled to qualified immunity.  <u>Tomel v. Hawaii</u>, Civ. No. 12-00047 LEK-BMK, 2012 WL 300567, at *6 (D. Haw. Jan. 31, 2012).

In the case of Defendants Nakakuni, Osborne, and Oshiro, Plaintiff has flatly failed to provide any facts to support a conclusion that these Defendants' conduct violated any clearly established statutory or constitutional right of which a reasonable person would have known.  Accordingly, all three of the individual Defendants are shielded from liability for money damages under the doctrine of qualified immunity.

### D. Immunity Under the Federal Tort Claims Act

Plaintiff's defamation claim against Defendant Oshiro is also barred by sovereign immunity.  As Defendants correctly state in their Motion to Dismiss, although the Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for certain torts of federal employees acting within the scope of their employment, such waiver has not been extended to claims involving defamation.  See 28 U.S.C. § 2680(h); <u>see also Maron v. United States</u>, 126 F.3d 317, 321-22 (4th Cir. 1997)

-26-

(noting that the United States has not waived its sovereign
immunity); Cox v. United States, Civ. No. C-07-235, 2007 WL
1795711 (S.D. Tex. June 20, 2007) (plaintiff's claim for
defamation is excluded from the FTCA).[8/]  Plaintiff also provides
no facts to support his assertion that Defendant Oshiro has no
authority to operate or investigate within the 50 states, or that
he improperly represented himself as an agent for the federal
government.  Accordingly, Plaintiff's defamation claim against
Defendant Oshiro must also be dismissed on immunity grounds.

In conclusion, although this Court is dismissing all
seven of Plaintiff's claims against all Defendants for failure to

_____

[8/] The Court also notes that Plaintiff's claims may be
dismissed for Plaintiff's failure to file the administrative
claim required by 28 U.S.C. § 2675(a). Section 2675(a) provides
that an action shall not be instituted against the United States
for money damages "unless the claimant shall have first presented
the claim to the appropriate Federal agency and his claim shall
have been finally denied by the agency in writing and sent by
certified or registered mail." 28 U.S.C. § 2675(a). This
requirement to file a claim under Section 2675(a) is
jurisdictional. See Frantz v. United States, 29 F.3d 222, 224
(5th Cir.1994) (presentment of the plaintiff's claim to the
appropriate federal agency is "a jurisdictional prerequisite to
bringing a lawsuit under the Federal Tort Claims Act"). To
satisfy the requirements of Section 2675(a), the plaintiff's
administrative claim must "giv[e] the agency written notice of
[plaintiff's] claim sufficient to enable the agency to
investigate and ... plac[e] a value on [plaintiff's] claim." Id.
In this case, Plaintiff has not established that he filed the
required administrative claim, nor that he made any effort to
exhaust his administrative remedies.  Although the Court has
dismissed Plaintiff's claims for the reasons set forth above, the
Court notes that in the alternative, Plaintiff's failure to file
the required administrative claim also constitutes grounds to
dismiss this lawsuit.

state a claim upon which relief may be granted pursuant to Rule 12(b)(6), the Court notes that in the alternative Defendants are entitled to dismissal of all claims based upon lack of subject matter jurisdiction due to immunity from suit.

### III.  Dismissal With Leave to Amend

Dismissals for failure to comply with Rule 12(b)(6) should ordinarily be without prejudice and "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Courts may deny a proposed amendment due to (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party of the proposed amendment; and (4) futility of the proposed amendment.  Leadsinger, Inc. v. BMG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008).

The Court has already instructed Plaintiff about the deficiencies of his claims and granted Plaintiff leave to amend these claims once.  Because Plaintiff has not heeded the Court's advice, and because any further amendment would be futile, the Court dismisses Plaintiff's claims II through VII with prejudice. See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002); Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir. 1987)

-28-

("The district court's discretion [to dismiss a complaint without leave to amend] is particularly broad . . . where a plaintiff has previously been granted leave to amend and fails to add the requisite particularity to her claims.").   In sum, Plaintiff has not provided the requisite who, what, when, and how necessary to establish claims II through VII.

As to Count I – Abuse of Process – the Court concludes that it is possible that Plaintiff could file an Amended Complaint setting forth facts sufficient to make a claim regarding the refund that Defendants allegedly owe to Plaintiff for tax returns in 2008 and 2009.   Recognizing the important obligation to provide a pro se litigant with notice of the deficiencies of the complaint and an opportunity to amend it – <u>if</u> the deficiencies can be cured (<u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992)) – the Court will dismiss this count without prejudice, with regard to Plaintiff's claim that Defendants owe him a refund for tax returns in 2008 and 2009. The Court will dismiss all other allegations in this count with prejudice.

This Order details the deficiencies in Plaintiff's Amended Complaint.   Should Plaintiff desire to pursue this case further, he is directed to consider the Order carefully in crafting his second amended complaint.   The Court notes that the

assistance of counsel would likely aid Plaintiff in correcting the defects in the Complaint.

### CONCLUSION

For the foregoing reasons, the Court: (1)GRANTS, As Modified, Defendants' Motion to Dismiss the First Amended Complaint; (2) DISMISSES Counts II, III, IV, V, VI, and VII with prejudice; and (3) DISMISSES Count I with prejudice, except as to Plaintiff's claims for tax refunds, which are dismissed without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, February 15, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Fowlers v. U.S. Dep't of Justice, et al., Civ. No. 11-00178 ACK-RLP: Order Granting, As Modified, Defendants' Motion to Dismiss the Amended Complaint.

-30-