IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
                                )
ALEXIS-KELVIN: FOWLERS,         )
                                )
                Plaintiff,      )
                                )
        vs.                     )    Civ. No. 11-00178 ACK-RLP
                                )
UNITED STATES DEPARTMENT OF     )
JUSTICE; INTERNAL REVENUE       )
SERVICE; FLORENCE T. NAKAKUNI;  )
LESLIE E. OSBORNE, AND RYLAN    )
OSHIRO,                         )
                                )
                Defendants.     )
                                )
```

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2011, pro se Plaintiff Alexis-Kelvin Fowlers ("Plaintiff") filed a complaint (the "Complaint") against the U.S. Department of Justice, the Internal Revenue Service, Florence T. Nakakuni, Leslie E. Osborne, and Rylon Oshiro (collectively, "Defendants").  (ECF No. 1.)

Plaintiff subsequently filed an Amended Complaint on July 1, 2011 (ECF No. 13), and on October 6, 2011 Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint with prejudice ("Motion to Dismiss") (ECF No. 21).

On February 2, 2012, Plaintiff submitted a document entitled, "Judicial Notice for A[n] Amendment In Jurisdiction And

-1-

Request For Transfer For Want Of Jurisdiction" ("Request for Transfer"). (ECF No. 23.) The document alleged, inter alia, that this Court did not have jurisdiction because "[the name of the Court] was spelled in all capital letters." See ECF No. 23 at 3. Plaintiff argued that his case needed to be transferred "from the UNITED STATES DISTRICT COURT to the district court of the United States, district of Hawaii." Id at 6. Defendants responded to this statement on February 3, 2012 in a reply memorandum, urging the Court to disregard Plaintiff's Opposition as "totally frivolous and irrelevant." (ECF No. 24.)

On February 15, 2012, this Court issued an Order Granting, As Modified, Defendants' Motion to Dismiss the Amended Complaint ("Order Granting Defendants' Motion to Dismiss"), which dismissed Plaintiff's Count I[1] without prejudice and dismissed the rest of the counts with prejudice. (ECF No. 27.) The Court gave Plaintiff leave to file a second amended complaint no later than March 27, 2012, and Plaintiff was notified on February 21, 2012 that failure to file the second amended complaint by that date would result in the dismissal of the case. (ECF No. 28.)

On March 21, 2012, rather than filing an amended complaint, Plaintiff filed an Objection to Order Granting, As Modified, Defendant's Motion to Dismiss the Amended Complaint

---

[1] Count I alleged that Defendants owed Plaintiff a refund for tax returns in 2008 and 2009. See Amended Complaint at 3-4, ECF No. 13.

("Objection"). (ECF No. 29.) Although not entirely clear, Plaintiff's chief complaint appears to be that this Court allegedly "lacks authority to rule on Plaintiff's complaint due to lack of jurisdiction" because "The United States District Court is not a true United States Court . . . ." <u>Id</u> at 1-2. On March 23, 2012, Defendants filed a Response to the Objection, asserting that it was frivolous and should be disregarded, and requesting that this Court dismiss the entire case with prejudice based upon Plaintiff's failure to file a timely Second Amended Complaint. (ECF No. 30.)

On March 29, 2012, this Court issued an "Order Dismissing the Case" that dismissed Plaintiff's Count I without prejudice and dismissed Plaintiff's other claims with prejudice. (ECF No. 31).

On February 22, 2013, Plaintiff faxed a "Notice of Motion and Motion to Void the March 29, 2012 "Order Dismissing the Case" and Void the March 29, 2012 Judg[]ment Entered P[u]rsuant to the "Order Granting, As Modified, Defendants' Motion to Dismiss the Amended Complaint" Filed On February 15, 2012" (Motion for Reconsideration). (ECF No. 33.) Plaintiff subsequently filed paper copies of his Motion for Reconsideration with the Court on February 25, 2013. (ECF No. 36.) Defendants filed a Memorandum in Opposition on March 18, 2013. (ECF No. 39). Plaintiff filed a Response to Defendants' Opposition on

April 3, 2013.[2/]  (ECF No. 40).  Under Local Rule 7.2(e), the
Court did not hold a hearing regarding this matter because
motions for reconsideration are non-hearing motions.

**STANDARD**

**I. Motion for Reconsideration**

        Federal Rule of Civil Procedure 60(b)(4) provides that
a court may relieve a party from a final judgment or order if
"the judgment is void."  The Supreme Court has held that a void
judgment is "one so affected by a fundamental infirmity that the
infirmity may be raised even after the judgment becomes final."
United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S.
Ct. 1367, 1379 (2010).  A judgment is not considered void "simply
because it is or may have been erroneous."  Id.  Instead, FRCP
60(b)(4) only applies "in the rare instance where a judgment is
premised either on a certain type of jurisdictional error or on a
violation of due process that deprives a party of notice or the
opportunity to be heard."  Id.

---

        [2/] Plaintiff alleges that Defendants did not serve a copy of
their Opposition to Plaintiff.  Plntf.'s Response at 1, ECF No.
40.  The Court notes that Defendants attached a Certificate of
Service to their Opposition stating that they had served the
document via mail.  ECF No. 39.  In any event, Plaintiff
responded to the Opposition, which indicates that Plaintiff was
not prejudiced by any alleged lack of notice of the Opposition.
The Court also notes that, even if the Court declines to consider
the Opposition, the Court's decision in this Order would not
change because Plaintiff's arguments do not convince the Court
that the previous orders are void.

For jurisdictional defects, federal courts have usually granted relief under FRCP 60(b)(4) for "the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction." Id (citing United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990) ("Total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . only rare instances of clear usurpation of power will render a judgment void.").

## II. Special Considerations for Pro Se Litigants

Pro se pleadings and briefs are to be construed liberally. Balisteri v. Pacifica Police Dep't., 901 F.2d 696 (9th Cir. 1990). When a pro se plaintiff technically violates a rule, the court should act with leniency toward the pro se litigant. Motoyama v. Haw. Dep't of Transp., 864 F. Supp. 2d 965, 975 (D. Haw. 2012); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). However, pro se litigants are "not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000). Pro se litigants must follow the same rules of procedure that govern other litigants. Motoyama, 864 F. Supp. 2d at 975.

## DISCUSSION

Plaintiff's sole contention in his Motion for Reconsideration is that this Court lacked jurisdiction to issue

the Order Granting Defendants' Motion to Dismiss and the Order
Dismissing the Case.  <u>See</u> Plntf.'s Mtn. for Recon. at 3-8.
Plaintiff provides a list of cases defining the term "void
judgment," but provides no argument as to how this Court lacks
jurisdiction.  <u>See</u> <u>id.</u>  Instead, Plaintiff relies upon his
February 2, 2012 Request for Transfer to provide the arguments
disputing this Court's jurisdiction.  <u>Id</u> at 2.  In this Court's
February 15, 2012 Order Granting Defendants' Motion to Dismiss,
the Court noted that Plaintiff's arguments in the Request for
Transfer challenging jurisdiction were "irrelevant, frivolous,
and without merit."  ECF No. 27 at 7.  Plaintiff's Motion for
Reconsideration has not convinced the Court otherwise.

     This Court does not lack jurisdiction merely because
the name of the Court is capitalized as opposed to written in
lower case letters.  <u>See</u> Plntf.'s Request for Transfer at 3.  Nor
does the Court lack jurisdiction merely because statutes or other
cases refer to this Court in different terms, e.g., the "district
court of the United States" as opposed to the "United States
District Court."  <u>See</u> <u>id</u> at 1-3.  Such arguments by Plaintiff are
nonsensical and do not establish that this Court's previous
orders are void.

     Plaintiff's arguments that this Court is a territorial
court as opposed to a court of the United States are likewise
without merit.  Congress established this Court as an Article III

district court by passing 28 U.S.C. § 91.  <u>See also</u>, <u>United</u>
<u>States v. Lee</u>, 472 F.3d 638, 641 (9th Cir. 2006).  Accordingly,
the Court rejects Plaintiff's argument challenging jurisdiction
on this basis.

　　　　Plaintiff's next contention that the Internal Revenue
Service ("IRS") should have brought a claim in the "district
court of the United States, United States Tax Court" also fails
to challenge this Court's jurisdiction.  ECF No. 23 at 4.
Plaintiff filed the claim in this action, not the IRS, so
Plaintiff's argument regarding where the IRS should or should not
file has no effect on this Court's jurisdiction to decide
Plaintiff's allegations of constitutional rights violations.  <u>See</u>
Amended Complaint, ECF No. 13, 28 U.S.C. § 1331 (establishing
federal question jurisdiction for district courts).

　　　　Plaintiff also asserts that the "void order was a clear
trespass and an attempt to deprive the Plaintiff of his rights."
Plntf.'s Response at 3, ECF No. 40.  The Court rejects
Plaintiff's argument because the Court has jurisdiction and
Plaintiff's rights have not been violated.  This Court gave
Plaintiff more than two opportunities to amend his Complaint so
that Plaintiff could proceed with his action if he so desired.
<u>See</u> ECF Nos. 11, 27, 31.  This Court even issued a minute order
explaining to Plaintiff the due date for Plaintiff to file a
second amended complaint.  ECF No. 28.  The Court's actions

toward Plaintiff in light of Plaintiff's pro se status do not demonstrate any deprivation of Plaintiff's rights.

In conclusion, the Court properly denied Plaintiff's previous Request to Transfer, and this Court's previous orders were not void because the Court properly concluded that jurisdiction existed to enter the orders.  Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

### CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Notice of Motion and Motion to Void the March 29, 2012 "Order Dismissing the Case" and Void the March 29, 2012 Judg[]ment Entered P[u]rsuant to the "Order Granting, As Modified, Defendants' Motion to Dismiss the Amended Complaint" Filed On February 15, 2012."

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, April 5, 2013.



_____
Alan C. Kay
Sr. United States District Judge

Fowlers v. U.S. Dep't of Justice, et al., Civ. No. 11-00178 ACK-RLP: Order Denying Plaintiff's Motion for Reconsideration.